# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG COOPER,<br><br>    Plaintiff,<br><br>    v.<br><br>FELIX IGBINOSA, et al.,<br><br>    Defendants. | Case No. 1:12-cv-00039-LJO-DLB PC<br><br>**SCREENING ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM WITH LEAVE TO AMEND**<br><br>ECF No. 10<br><br>RESPONSE DUE WITHIN THIRTY DAYS |

## I. Background

Plaintiff Craig Cooper ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint in Fresno County Superior Court on October 5, 2011. On January 5, 2012, Defendants Felix Igbinosa and James Yates removed the action to this Court. On January 24, 2012, Plaintiff filed his first amended complaint. ECF No. 10.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1),(2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

## II.     Summary of Complaint

Plaintiff was previously incarcerated at Pleasant Valley State Prison ("PVSP") in Coalinga, California, where the events giving rise to this action occurred.  Plaintiff names as Defendants chief medical officer Felix Igbinosa and warden James Yates.

Plaintiff alleges the following.  From 2001 through 2005, soil at PVSP was disturbed greatly for the construction of a mental health hospital and a segregation unit.  Defendant Yates worked at PVSP beginning in October 2003.  He was aware of the presence of valley fever in the area.  Defendants Yates and Igbinosa are responsible for all inmates' health and safety.  During the construction, Defendants had notice of an increase in valley fever cases amongst the inmates at PVSP, from 80 in 2003, 66 in 2004, 187 in 2005, and 1145 in 2006.  Valley fever is a disease arising from spores found near the surface of soil, or in the air when the soil is disturbed.  Defendants did not take any corrective measures or give fair notice regarding the outbreak of valley fever from 2003 through 2006, such as preventing or erecting barriers for blowing dirt, educating inmates and staff, increasing ground cover, advising inmates to stay indoors, wet the ground, or give out masks.  Plaintiff is diabetic.  In June or July of 2006, Plaintiff became sick and went to the medical on B-yard at PVSP.  Plaintiff was x-rayed a week later.  After finishing the x-ray, the lab technician informed correctional officers to call an ambulance for Plaintiff because he could not return to his cell.  Plaintiff was hospitalized for weeks because of valley fever, suffering chronic breathing problems, acute coughing, severe weight loss, and chest and heart problems.  Plaintiff remained under doctor care for valley fever through 2010.

Plaintiff contends a violation of the Eighth Amendment, and state law claims for violation of California Government Code section 830, and Article 1, Section 17 of the California Constitution.  Plaintiff requests as relief compensatory and punitive damages.[1]

---

[1] In his motion to amend, Plaintiff contends that he amended his complaint such that it no longer stated any claims under the United States Constitution.  However, regarding Cause of Action 1, Plaintiff contends that Defendants "violated plaintiff Calif. Const., 8th Amend.; Calif. Const., Art 1, § 17 and Gov. 830 rights."  There is no Eighth Amendment to the California Constitution.  The Court thus concludes that Plaintiff listed the Eighth Amendment to the United States Constitution.

## III. Analysis

### A. Eighth Amendment

The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious[;]' a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities [.] . . . The second requirement follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.' To violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind.'" *Id.* at 834. To demonstrate deliberate indifference, the prisoner must show that the official knew of and disregarded an excessive risk to the inmate's health or safety. *Id.* at 837. Based on Plaintiff's allegations, Plaintiff has not sufficiently alleged an Eighth Amendment claim. Plaintiff has not sufficiently alleged facts which indicate that the harm Plaintiff risked was an excessive risk of serious harm. While Plaintiff has alleged facts which indicate that the chance of contracting valley fever increased during the construction period, Plaintiff has not alleged facts which indicate that this increase in risk was excessive.

Plaintiff has also not alleged facts which indicate that Defendants knew of and disregarded an excessive risk of serious harm. While Plaintiff alleges that Defendants were aware that more prisoners at PVSP had contracted valley fever, Plaintiff has not alleged facts which indicate that Defendants knew that there was an excessive risk of serious harm.

### B. State Law Claims

Plaintiff contends that Defendants violated Article 1, section 17 of the California Constitution (which is the cruel and unusual punishment clause), and California Government Code section 830.[2] There is no private cause of action damages under the state cruel and unusual punishment clause. *Giraldo v. Cal. Dep't Corrs. &. Rehab.*, 168 Cal. App. 4th 231, 253-56 (2008) (citing *Katzberg v. Regents of the Univ. of Cal.*, 29 Cal. 4th 300, 329 (2002) ("[T]here is no basis to

---

[2] Plaintiff contends that he filed a government claim form regarding his claims.

3

recognize a claim for damages under article 1, section 17 of the California Constitution.").

With regard to California Government Code section 830, Plaintiff likely means section 835, because section 830 sets forth only definitions. Section 835 of the California Government Code states that

> Except as provided by statute, a public entity is liable for injury caused by a dangerous condition of its property if the plaintiff establishes that the property was in a dangerous condition at the time of the injury, that the injury was proximately caused by the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and that either:
> (a) A negligent or wrongful act or omission of an employee of the public entity within the scope of his employment created the dangerous condition; or
> (b) The public entity had actual or constructive notice of the dangerous condition under Section 835.2 a sufficient time prior to the injury to have taken measures to protect against the dangerous condition.

However, Plaintiff's claims for violation of section 835 is precluded by California Government Code section 844.6, which grants immunity to public entities for injuries to prisoners. Thus, Plaintiff does not state a claim for section 835 of the California Government Code.

### IV.     Conclusion and Order

Plaintiff fails to state any cognizable claims against any Defendants. The Court will provide Plaintiff with an opportunity to file a first amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds*, *Lacey v. Maricopa County*, -- F.3d --, 09-15806, 2012 WL 3711591 (9th Cir. Aug. 29, 2012) (en banc); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without

reference to the prior or superseded pleading," L. R. 220.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file a first amended complaint within **thirty (30) days** from the date of service of this order;

3. Plaintiff may not add any new, unrelated claims to this action via the first amended complaint and any attempt to do so may result in an order striking the first amended complaint; and

4. If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:   **October 17, 2012**              /s/ Dennis L. Beck
                                        UNITED STATES MAGISTRATE JUDGE