**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG COOPER, <br><br> Plaintiff, <br><br> v. <br><br> FELIX IGBINOSA, et al., <br><br> Defendants. | Case No. 1:12-cv-00039-LJO-DLB PC <br><br> **FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM** <br><br> ECF No. 12 <br><br> OBJECTIONS DUE WITHIN FOURTEEN DAYS |

**I.    Background**

Plaintiff Craig Cooper ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983.   Plaintiff filed his complaint in Fresno County Superior Court on October 5, 2011. On January 5, 2012, Defendants Felix Igbinosa and James Yates removed the action to this Court. On January 24, 2012, Plaintiff filed his First Amended Complaint.  On October 18, 2012, the Court screened Plaintiff's First Amended Complaint and dismissed it for failure to state a claim, with leave to amend.  ECF No. 11.  On November 19, 2012, Plaintiff filed his Second Amended Complaint.  ECF No. 12.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1),(2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.  Summary of Second Amended Complaint

Plaintiff was incarcerated at Pleasant Valley State Prison ("PVSP") in Delano, California, where the events giving rise to this action occurred. Plaintiff names as Defendants warden James Yates and chief medical officer Felix Igbinosa.

Plaintiff alleges the following. From 2001 through 2005, the soil at PVSP was disturbed by CDCR for the construction of a segregation unit and a mental health hospital. Approximately 80 inmates in 2003, 66 inmates in 2004, 187 inmates in 2005, and 1145 inmates in 2006 contracted valley fever, a potentially fatal disease.

Defendants Yates and Igbinosa were aware of the presence of valley fever in the PVSP area. During the fall of 2005, Defendant Igbinosa noted an increase in the number of inmates that contracted valley fever, and contacted the California Department of Health Services to assist with an investigation.

In June or July of 2006, Plaintiff went to medical on B-yard. The doctor gave Plaintiff pills and cough syrup, and signed Plaintiff up for x-rays. A week later, as soon as the technician finished x-raying Plaintiff, he told correctional officers to call for an ambulance because Plaintiff could not return to the yard. Plaintiff was hospitalized for weeks, suffering from chronic breathing problems, acute coughing, severe weight loss, and chest and heart problems. Plaintiff now permanently uses an inhaler.

Plaintiff contends a violation of the Eighth amendment and negligence. Plaintiff requests as relief compensatory and punitive damages.

## III.  Analysis

### A.  Eighth Amendment

The Eighth Amendment prohibits cruel and unusual punishment.  "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted).  "[A] prison official violates the Eighth Amendment only when two requirements are met.  First, the deprivation alleged must be, objectively, 'sufficiently serious[;]' a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities [.] . . . The second requirement follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.' To violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind.'" *Id.* at 834.  To demonstrate deliberate indifference, the prisoner must show that the official knew of and disregarded an excessive risk to the inmate's health or safety.  *Id.* at 837.

Plaintiff's allegations satisfy the objective prong for a deliberate indifference claim.  Plaintiff fails to allege facts which indicate that Defendants Igbinosa and Yates acted with deliberate indifference to Plaintiff's serious medical needs.  Plaintiff alleges that Defendants were aware that valley fever existed in the PVSP area.  However, Plaintiff has not alleged facts which show that Defendants were aware of an excessive risk of serious harm.  In 2005, Defendant Igbinosa first noticed an increase in the cases of valley fever.  Plaintiff alleges that Defendant Igbinosa sought the assistance of the Department of Health Services in investigating the increase in cases.  In January 2007, the Department of Health Services completed its investigation and released findings and recommendations regarding valley fever at PVSP.  The report recommended increased education concerning valley fever, relocation of high-risk groups, increased ground cover, and advising inmates to stay indoors on windy days and to wet the ground before digging.  Pl.'s Second Am. Compl., Ex. A.  However, Plaintiff also alleges that he contracted valley fever in June or July of 2006, before the issuance of this report.

A memorandum regarding inmate-patients at high risk of valley fever was issued to several CDCR prisons, including PVSP, in August 3, 2006.  Pl.'s Ex. B.  However, that memorandum was also issued after Plaintiff had already contracted valley fever.  Plaintiff's exhibits and allegations

3

thus indicate that Defendants Igbinosa and Yates were not aware of the extent of the risk of valley fever to inmates. Plaintiff thus fails to allege facts which indicate that Defendants knew of and disregarded an excessive risk of serious harm to Plaintiff's health.

### B. Negligence

Plaintiff also contends that Defendants were negligent, a state law claim. The California Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the Board no more than six months after the cause of action accrues. Cal. Gov't Code § § 905.2, 910, 911.2, 945.4, 950–950.2 (West 2011). Such a suit includes all actions where the plaintiff is seeking monetary relief. *Hart v. County of Alameda,* 76 Cal. App. 4th 766, 778 (1999). Accordingly, the claims presentation requirement applies to all forms of monetary demands, regardless of the theory of the action. *Id.* at 778–779.

Presentation of a written claim and action on or rejection of the claim are conditions precedent to suit. *Shirk v. Vista Unified Sch. Dist.,* 42 Cal. 4th 201, 208 (2007). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. *Shirk,* 42 Cal. 4th at 209; *Karim–Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 627 (9th Cir. 1988). Plaintiff fails to allege compliance with the California Tort Claims Act. Accordingly, Plaintiff fails to state a claim for negligence against Defendants Igbinosa and Yates.[1]

### IV. Conclusion and Recommendation

Plaintiff fails to state a claim against any Defendants. Plaintiff was provided the opportunity to cure the deficiencies identified in this action, but was unable to amend his pleadings to state a claim. Further leave to amend should not be granted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

Based on the foregoing, it is HEREBY RECOMMENDED that this action be dismissed with prejudice for failure to state a claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14) days**

---

[1] Even if Plaintiff had alleged compliance, it is unclear if Plaintiff would be able to state a negligence claim. "The elements of a cause of action for negligence are well established. They are (a) a legal duty to use due care; (b) a breach of such legal duty; [and] (c) the breach as the proximate or legal cause of the resulting injury." *Ladd v. County of San Mateo*, 12 Cal. 4th 913, 917 (1996) (quotations omitted). Plaintiff has not alleged facts which demonstrate that Defendants breached their duty of care to Plaintiff.

4

1  after being served with these Findings and Recommendations, the parties may file written objections
2  with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and
3  Recommendations." A party may respond to another party's objections by filing a response within
4  **fourteen (14) days** after being served with a copy of that party's objections. The parties are advised
5  that failure to file objections within the specified time may waive the right to appeal the District
6  Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 20, 2013**                          /s/ *Dennis L. Beck*
                                                   UNITED STATES MAGISTRATE JUDGE